UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JASON CUTLER, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | 3:11cv662 (WWE) |
| | : | |
| | : | |
| CITY OF NEW HAVEN and JOHN | : | |
| DeSTEFANO, | : | |
|     Defendants. | : | |

### MEMORANDUM OF DECISION ON DEFENDANT'S
### MOTION TO DISMISS

In this action, plaintiff Jason Cutler alleges that defendants City of New Haven and John DeStefano violated the Equal Protection Clause of the United States Constitution and 42 U.S.C. § 1983. Defendants have filed a motion to dismiss for failure to state a claim. For the following reasons, the motion will be granted.

### BACKGROUND

The following background is taken from the allegations of the complaint, which are considered to be true for purposes of ruling on a motion to dismiss.

Plaintiff resides in North Haven, Connecticut and is the owner of two bars — Center Street Lounge and Club Pulse — located in downtown New Haven, Connecticut.

Defendant DeStefano is the Mayor of the City of New Haven.

On May 23, 2010, Officer T. Robinson of the New Haven Police Department, acting under the direction of defendant Mayor DeStefano, entered Center Street Lounge, handcuffed plaintiff, removed him from the premises and charged him with reckless driving, driving the wrong way on a one way street, and unsafe movement. On

1

June 4, 2010, these charges were nolled.

On March 4, 2011, defendant Mayor DeStefano conducted a press conference at Temple Street Plaza directly in front of the Club Pulse. Plaintiff alleges that DeStefano referred to him in the context of giving examples of "irresponsibility" and "problem bars."

On March 18, 2011, defendants convened an emergency meeting for the purpose of denying plaintiff liquor permits for his businesses. On March 25, 2011, defendants conducted another meeting to discuss ways to put plaintiff out of business.

Defendants have attempted to prevent Club Pulse from using its patio adjoining the Temple Street Plaza and from advertising in that area. Two other restaurants—Temple Street Grill and Zinc Restaurant—also have patios adjoining Temple Street Plaza, but they have been permitted free use and access and have not been subjected to any harassment. Other businesses have been permitted to post advertising in the Temple Street Plaza area, while plaintiff has been forbidden to do so on behalf of his businesses.

Defendants have interceded with the Connecticut Department of Consumer Protection to prevent plaintiff from obtaining liquor permits for his clubs. Defendants have threatened to require plaintiff to obtain permits that have not been required of other comparable establishments.

Defendants have subjected plaintiff's two businesses to disparate treatment in comparison to other identically-situated establishments, such as Club Vandome, Toad's Place, Gotham Citi Café and Humphrey's East.

**DISCUSSION**

The function of a motion to dismiss for failure to state a claim is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984). When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). However, the plaintiff must provide the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007). The complaint must plead factual allegations showing a plausible entitlement to relief. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

Defendants argue that plaintiff has stated neither a selective enforcement nor a class of one equal protection claim. Plaintiff's opposition brief makes clear that plaintiff is only pursuing his claim under a class of one theory.

To bring a class of one claim, plaintiff must allege that he has been intentionally treated differently from others similarly situated and that there is no rational basis for such different treatment. Ruston v. Town Bd. For Town of Skaneateles, 610 F.3d 55, 58 (2d Cir. 2010). Plaintiff must show "an extremely high degree of similarity" between himself and his comparators. Clubside, Inc. v. Valentin, 468 F.3d 144, 159 (2d Cir. 2006). A plaintiff must establish that "(i) no rational person could regard the cricumstances of the plaintiff to differ from those of a comparator to a degree that would

justify the differential treatment on the basis of a legitimate government policy; and (ii) the similarlity in circumstances and difference in treatment are sufficient to exclude the possibility that the defendants acted on the basis of a mistake." Ruston, 610 F.3d at 59.

Pursuant to the plausibility standard for motions to dismiss, district courts have required factual allegations supporting plaintiff's assertion that the alleged comparators are similarly situated so that no rational basis could support the differential treatment. See Kenmore Mercy Hosp. v. Daines, M.D., 2011 WL 4368564, *5 (W.D.N.Y. 2011) (citing cases and dismissing claim for failure to allege facts explaining similarities).

In this instance, plaintiff has alleged as comparators other bars and restaurants in downtown New Haven. However, plaintiff has not alleged any facts showing that they are similarly situated to a high degree so that no rational basis could support such differential treatment. In fact, it appears from the face of the complaint that defendants were concerned about problems that occurred stemming from plaintiff's businesses, which would serve as a rational basis for the treatment of plaintiff's businesses that differed from the alleged comparators.

Accordingly, the Court will grant the motion to dismiss. However, the Court will allow plaintiff twenty-one days to replead the complaint to establish the requisite standard for similarly-situated comparators.

## CONCLUSION

For the foregoing reasons, the motion to dismiss [doc. #16] is GRANTED without prejudice. Plaintiff may replead his complaint within twenty-one days of this order's filing date consistent with this ruling.

_____/s/_____
Warren W. Eginton
Senior United States District Judge

Dated this 4th day of October, 2011 at Bridgeport, Connecticut.