UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JASON CUTLER,<br>    Plaintiff, | :<br>:<br>: |
| v. | :     3:11cv662 (WWE) |
| | :<br>: |
| CITY OF NEW HAVEN and JOHN DeSTEFANO,<br>    Defendants. | :<br>:<br>: |

**MEMORANDUM OF DECISION ON DEFENDANTS'
MOTION TO DISMISS**

In this action, plaintiff Jason Cutler alleges that defendants City of New Haven and John DeStefano violated the Equal Protection Clause of the United States Constitution and 42 U.S.C. § 1983. Defendants filed a motion to dismiss for failure to state a claim, which the Court granted without prejudice to repleading. After plaintiff amended his complaint, defendants filed a motion to dismiss the amended complaint. For the following reasons, the motion will be denied.

**BACKGROUND**

The following background is taken from the allegations of the complaint, which are considered to be true for purposes of ruling on a motion to dismiss. The Court incorporates herein the factual background from the Court's prior ruling in this case. However, plaintiff has amended his complaint by adding the following allegations.

Plaintiff asserts that defendants have selectively enforced the laws for the purpose of driving his businesses to fail in New Haven. Plaintiff alleges that "Officer Robinson knew the plaintiff was innocent when he arrested him, but arrested him

1

despite that fact because of the demands of the defendants that the plaintiff be harassed." He asserts that Mayor DeStefano knew that plaintiff and his business establishments were not the source of any alleged problems in downtown New Haven, although defendants knew that plaintiff's competitors were problem bars. Plaintiff alleges further that other similarly-situated establishments were not subjected to operating restrictions, threats or other actions threatening the viability of the business. Plaintiff attributes defendants' conduct to Mayor DeStefano's personal and business relationship with the Gotham Citi Café, one of plaintiff's competitors.

## DISCUSSION

The function of a motion to dismiss for failure to state a claim is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984). When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). However, the plaintiff must provide the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007). The complaint must plead factual allegations showing a plausible entitlement to relief. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

Defendants argue that plaintiff has stated neither a selective enforcement nor a class of one equal protection claim. Plaintiff's opposition brief makes clear that plaintiff is only pursuing his claim under a class of one theory.

To bring a class of one claim, plaintiff must allege that he has been intentionally treated differently from others similarly situated and that there is no rational basis for such different treatment.  Ruston v. Town Bd. For Town of Skaneateles, 610 F.3d 55, 58 (2d Cir. 2010).  Plaintiff must show "an extremely high degree of similarity" between himself and his comparators.  Clubside, Inc. v. Valentin, 468 F.3d 144, 159 (2d Cir. 2006).  A plaintiff must establish that "(i) no rational person could regard the circumstances of the plaintiff to differ from those of a comparator to a degree that would justify the differential treatment on the basis of a legitimate government policy; and (ii) the similarity in circumstances and difference in treatment are sufficient to exclude the possibility that the defendants acted on the basis of a mistake."  Ruston, 610 F.3d at 59.

Defendants argue that plaintiff's allegations should be more detailed to establish the high degree of similarity between plaintiff's businesses and the comparator establishments.  However, plaintiff's amended complaint has alleged more than mere conclusory allegations that similarly situated establishments existed and that they were treated differently without a rational basis.  Plaintiff has named other bars and restaurants in downtown New Haven as comparators that have not been subjected to the same treatment as plaintiff's establishments.  Plaintiff has alleged specific types of conduct that could constitute disparate treatment and an underlying motive by Mayor DeStefano to further his own interest rather than the public interest.  Plaintiff has not alleged any specific facts about the other establishments except that he asserts that such establishments represented the root of the problems in downtown New Haven.  Plaintiff may bear a difficult proof, but these allegations provide a plausible basis for a

class-of-one equal protection claim.  The motion to dismiss will be denied on this ground.

Defendants also move for dismissal on the basis of the Supreme Court's holding in Engquist v. Or. Dep't of Agric., 553 U.S. 591 (2008).  Specifically, defendants maintain that Engquist forecloses a class-of-one claim stemming from government discretionary decisions such as those at issue in the instant case.  In Engquist, the Supreme Court stated that some types of state action require "discretionary decisionmaking based on a vast array of subjective, individualized assessments" and that differential treatment is an accepted consequence of the discretion. Id. at 603.  However, Engquist goes on to explain that this principle applies "most clearly in the employment context" and that its holding is limited to a finding "that the class-of-one theory of equal protection has no application in the public employment context. . . . ."

The Second Circuit has declined to expand Engquist beyond the context of public employment decisions, noting that not all discretionary governmental action is unreviewable by a court and that there is a "crucial difference, with respect to constitutional analysis, between the government exercising the power to regulate or license, as lawmaker, and the government acting as proprietor, to manage its internal operations."  Analytical Diagnostic Labs, Inc. v. Kusel, 626 F.3d 135, 140 (2d Cir. 2010).  The Court went on to explain that plaintiff's claim should proceed because Analytical Diagnostic Labs could distinguish itself from other labs based on defendants' alleged maliciously-motivated unwarranted scrutiny.

In the instant case, taking the allegations as true, plaintiff could distinguish himself from other business owners as having his business establishments unjustifiably

4

singled out for scrutiny and enforcement action.  Id. at 142.  Accordingly, the motion to dismiss will be denied.

## **CONCLUSION**

For the foregoing reasons, the motion to dismiss [doc. #26] is DENIED.


_____/s/_____
Warren W. Eginton
Senior United States District Judge

Dated this 9th  day of December, 2011 at Bridgeport, Connecticut.