```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT


JASON CUTLER                    :
                                :
                                :
v.                              :   CIV. NO. 3:11CV662 (WWE)
                                :
CITY OF NEW HAVEN               :
JOHN DESTEFANO                  :
```

RULING ON DEFENDANTS' MOTION FOR PROTECTIVE ORDER

Plaintiff Jason Cutler alleges that defendants, City of New Haven and John DeStefano, violated the Equal Protection Clause of the United States Constitution and 42 U.S.C. §1983. [Amend. Compl. Doc. #25]. Plaintiff asserts that defendants have targeted him and his places of business, Center Street Lounge and Club Pulse, for disparate treatment, including disparate enforcement of laws relating to the operation of bars in the City of New Haven, in order to drive plaintiff out of business and to inflict economic injury upon him. Plaintiff, in part, alleges that DeStefano has a personal and business relationship, through his driver, with Gotham Citi Café, and he is trying to further the business interests of the café, a direct competitor of plaintiff, at plaintiff's expense. [Doc. #25]. Plaintiff also alleges that the Mayor staged a press conference directly in front of one of his establishments and "cited the plaintiff

1

as an example of 'irresponsibility' and 'problem bars'" in New Haven. [doc. #25]. A motion to dismiss this case was denied by the Court on December 9, 2011. [Doc. #29]. On July 20, 2012, a conference call was held on the record to discuss this motion for a protective order.

Defendants move for a protective order to prohibit the deposition of Mayor DeStefano. [Doc. #46]

Defendants assert that Mayor DeStefano falls under the category of "high ranking official." See Lederman v. Guilinai, 98 Civ.2024(LMM), 2002 WL 31357810 (S.D.N.Y. Oct. 17, 2002). Because of this, special scrutiny is given to the burden a deposition imposes on the government official, and depositions are not permitted unless a two-pronged test is satisfied. First, the deposition must be necessary to obtain information not available from any other source. Second, the deposition must not significantly interfere with the official's ability to perform his governmental duties. Murray v. County of Suffolk, et. Al., 212 F.R.D. 108, 109 (E.D.N.Y. 2002)(citing Marisol v. Giuliani, No. 95 Civ. 10533 (RJW), 1998 WL 132810 *2 (S.D.N.Y. May 23, 1998)). Defendants contend that neither prong is satisfied. Defendants state that information about defendant's driver can be better obtained from the driver himself and not the mayor; moreover, the driver denies any relationship with the Gotham Citi Café. Defendants also contend that the Mayor has no

2

personal knowledge of any effort to treat plaintiff or plaintiff's establishments differently from others. Finally, defendants represent that a deposition of the Mayor would significantly interfere with his ability to perform governmental duties.

"It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under [42 U.S.C.] §1983." Mulready v. Mulready, Civ. No. 3:06CV00934 (AWT), 2007 WL 1757055, *2 (D. Conn. June 19, 2007) (citing Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006)). Plaintiff aptly points out that the Mayor is a party to this litigation and his deposition is necessary and proper discovery under Fed. R. Civ. P. 26. Discovery is meant to help define and clarify the issues of a case and should not be limited by the defendants' opinion on the merits of the lawsuit. Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978).

Defendant's Motion for Protective order **[Doc. #46]** is **DENIED**. The deposition will go forward with "reasonable limits" to enable the Mayor to perform his governmental duties. See Marisol A., 1998 WL 132810 at *2 ("courts must place 'reasonable limits' as to conserve the time and energies of public officials and prevent the disruption of the primary functions of government."). The Mayor's deposition will be limited to two

hours in length and will occur at a time and place convenient to the Mayor. Questioning will be limited to the Mayor's personal knowledge of or involvement in the activities alleged in the Amended Complaint. The parties will contact the Court during the deposition to resolve objections and to make the best use of the Mayor and counsels' time.

This is not a recommended ruling.  This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review.  28 U.S.C. §636(b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

ENTERED at Bridgeport, this 31st day of July 2012.

_____/s /_____

HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE