UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JASON CUTLER,     :   |   |
|     Plaintiff,     :   |   |
| :   |   |
| v.     :   | 3:11cv662 (WWE) |
| :   |   |
| CITY OF NEW HAVEN and JOHN     :   |   |
| DeSTEFANO,     :   |   |
|     Defendants.     :   |   |

### MEMORANDUM OF DECISION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

In this action, plaintiff Jason Cutler alleges that defendants City of New Haven and John DeStefano violated the Equal Protection Clause of the United States Constitution and 42 U.S.C. § 1983.

Defendants filed a motion for summary judgment. For the following reasons, the motion for summary judgment will be granted.

### BACKGROUND

The parties have filed statements of facts with supporting exhibits along with the pleadings that reflect the following factual background.

Plaintiff is the owner of two bars — Center Street Lounge and Club Pulse — located in downtown New Haven, Connecticut.

Defendant DeStefano is the Mayor of the City of New Haven.

Plaintiff alleges that defendants have targeted him and his businesses for disparate treatment and selective enforcement of the laws relating to the operation of bars in the City of New Haven.

On May 23, 2010, plaintiff drove the wrong day down a one way street. Officer

T. Robinson of the New Haven Police Department stopped and ticketed plaintiff.

On March 4, 2011, defendant Mayor DeStefano conducted a press conference at Temple Street Plaza directly in front of the Club Pulse. Plaintiff does not know whether the Mayor specifically mentioned either of his establishments.

Plaintiff has extra security at Center Street Lounge and Club Pulse on "hip-hop" evenings out of concern for safety. He admits that it is a "rougher crowd" that requires more security and that pat-downs for weapons are conducted.

Numerous fights have occurred outside of the Center Street Lounge, and multiple shootings have occurred outside of plaintiff's establishments during the last five years. One person was shot and killed outside of Center Street Lounge.

Plaintiff maintains that defendants have attempted to prevent Club Pulse from using its patio adjoining the Temple Street Plaza and from advertising in that area. The previous tenants of the "Pulse Nightclub" site had formal written agreements with the City of New Haven for patio usage outside of the area in the Temple Park/Plaza. Plaintiff has no such written agreement with the City of New Haven for access to the patio area used by the prior tenants.

In 2011, plaintiff hosted an event outside of "Pulse Nightclub" in the Temple Plaza/Park that featured an activity where several patrons were nude with exposed genitalia within view of the public walking through the Plaza/Park.

Robert Smuts, defendant's Chief Administrative Officer, avers that he has held numerous meetings about other bars in the downtown area regarding public safety issues and pending liquor permits.

Defendant Mayor DeStefano avers that the City of New Haven has taken

affirmative action against liquor permit applications of other establishments, including "Taurus" and "Sci-Fi."

## DISCUSSION

A motion for summary judgment will be granted where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law.  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute.  American International Group, Inc. v. London American International Corp., 664 F. 2d 348, 351 (2d Cir. 1981).  In determining whether a genuine factual issue exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper."  Bryant v. Maffucci, 923 F. 2d 979, 982 (2d Cir.), cert. denied, 502 U.S. 849 (1991).

The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute.  American International Group, Inc., 664 F.2d at 351.  In determining whether a genuine factual issue exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party.  Anderson, 477 U.S. at 255.

If a nonmoving party has failed to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof, then summary judgment is appropriate.  Celotex Corp., 477 U.S. at 323.  If the nonmoving party submits evidence which is "merely colorable," legally sufficient opposition to the motion

for summary judgment is not met.  Anderson, 477 U.S. at 249.

Plaintiff alleges that his equal protection rights under the Fourteenth Amendment have been violated by selective enforcement of the law and that defendants have subjected his two business to disparate treatment in comparison to comparators. Specifically, plaintiff alleges the following conduct in support of his equal protection claim:  His arrest on a reckless driving charge; a press conference by the Mayor referring to plaintiff's businesses as "problem bars;" meetings held by City staff to find a way to deny him liquor permits and to put him out of business; numerous attempts to prevent Club Pulse from utilizing its patio; defendants' acts to intercede with the Connecticut Department of Consumer Protection to attempt to deny plaintiff liquor permits at his clubs; defendants' threats to require plaintiff to obtain permits not required of other comparable establishments.  He also asserts that defendant DeStefano has a personal and business relationship through his personal driver with the Gotham Citi Café.

To bring a class of one claim, plaintiff must allege that he has been intentionally treated differently from others similarly situated and that there is no rational basis for such different treatment.  Ruston v. Town Bd. For Town of Skaneateles, 610 F.3d 55, 58 (2d Cir. 2010).  Plaintiff must show "an extremely high degree of similarity" between himself and his comparators.  Clubside, Inc. v. Valentin, 468 F.3d 144, 159 (2d Cir. 2006).  A plaintiff must establish that "(i) no rational person could regard the circumstances of the plaintiff to differ from those of a comparator to a degree that would justify the differential treatment on the basis of a legitimate government policy; and (ii) the similarity in circumstances and difference in treatment are sufficient to exclude the

possibility that the defendants acted on the basis of a mistake." Ruston, 610 F.3d at 59.

### Comparators

Plaintiff asserts that three nearby downtown bars—Club Van Dome, Toad's Place and Empire (formerly Gotham Citi Café)—have been associated with murders or shootings and yet no effort has been made to take away their liquor license, to generate adverse publicity against them.  However, plaintiff has not shown that these comparators have an extremely high degree of similarity with plaintiffs' establishments.  The Court has no information regarding the frequency or type of the violence at these establishments compared to plaintiff's establishments.

Further, it is not clear that defendants have not taken any action relative to the shootings or murders at the comparators other than plaintiff's self-serving assertion.  Plaintiff admits that defendants have interceded against the liquor permit for Sci-Fi, another downtown club.  Further, plaintiff admits to the occurrences of violence that could raise concern for public safety.

Plaintiff has also failed to demonstrate that the Gotham Citi Café received favorable treatment due to Mayor DeStefano's relationship with his personal driver.  In fact, Mayor DeStefano averred that he does not have a personal driver and that he does not have a business relationship with the Gotham Citi Café.

### Legitimate Conduct

Further, defendants have proffered evidence that they had legitimate, rational reasons for their conduct rather than an irrational motive in violation of the Fourteenth Amendment.  First, as plaintiff admits, plaintiff received a reckless driving charge

because he was driving the wrong way down a city street.

Defendants have also demonstrated that they held meetings to discuss problems with bars in New Haven, including plaintiff's establishments, for purposes of concern for public safety.  Defendants have shown that plaintiff's establishments had known problems with violence, including a murder and various shootings.  Accordingly, plaintiff has not raised an inference that either he or his establishments were treated differently from similarly situated entities and that there is no rational basis for such treatment. Summary judgment will be granted for the defendants.

## **CONCLUSION**

For the foregoing reasons, the motion for defendants' summary judgment [doc. #64] is GRANTED.  The Clerk is instructed to close this case.

_____/s/_____
Warren W. Eginton
Senior United States District Judge

Dated this \_29th\_\_ of May, 2013 at Bridgeport, Connecticut.